## W. H. GILL v. S. S. KING.

**Tavern Keeper—License.**

> An order of the court authorizing one to keep a tavern does not license such keeper to sell spirituous liquors. The privilege of selling liquors cannot be implied, and before it is given such authority must be specified in the license.

**Notes Given for Intoxicating Liquors.**

     Where any portion of the consideration of a note was intoxicating liquors sold and delivered at the tavern house of one not licensed to sell liquors, such note is void, as the consideration of such note is illegal.

### APPEAL FROM GARRARD CIRCUIT COURT.

#### April 10, 1878.

OPINION BY JUDGE LINDSAY:

The order of the county court of April 8, 1878, authorized King to keep a tavern, but it did not license him to sell spirituous liquors. The privilege of selling such liquors could not be implied or embraced in a license to keep a tavern unless the county court specified said privilege in the license or order. Sec. 3, Act December 13, 1851; 2 Stanton's Revised Statutes 413. It is therefore immaterial whether he did or did not execute the proper bond.

The records of the county court do not show that he was even licensed to keep a tavern, much less to sell liquors during the year 1869. This defect in the record cannot be supplied by inferences arising from a bond on file, and the opinion of the clerk then in office that he would not have taken the bond if the order had not been first made by the court. The county court must speak by its records, and not by the recollection or opinions of its clerk.

The court should have instructed the jury that if any portion of the consideration or the note sued on was intoxicating liquors sold and delivered at the tavern house of King during the years 1869 or 1870, that the note was void and the verdict should be for the defendant. The act of retailing spirituous liquors is illegal, if the party selling is not duly licensed, and the illegality of any part of the consideration of a contract, which is an entirety, renders the contract altogether void. This conclusion obviates the necessity for inquiring whether the verdict was contrary to the evidence.

For the error in thus instructing the jury the judgment is *reversed* and the cause remanded for a new trial on principles consistent with this opinion.

    *R. M. and W. O. Bradley, Wm. McKee Duncan, for appellant.*
    *G. W. Dunlap, for appellee.*